UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:16CV-00002-JHM**

**OWENSBORO HEALTH FACILTIES, L.P. et al.**                                      **PLAINTIFFS**

**VS.**

**VERNON DARRELL HENDERSON, as Administrator
of the Estate of VERNON HENDERSON, deceased                                   DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiffs, Owensboro Health Facilities, L.P. d/b/a Twin Rivers Nursing and Rehabilitation Center; Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management Group, LLC, to compel arbitration and to enjoin Defendant [DN 6] and a motion by Defendant, Vernon Darrell Henderson, as Administrator of the Estate of Vernon Henderson, to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 12(b)(7) [DN 7]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

Vernon Henderson was a resident of Twin Rivers Nursing & Rehabilitation Center ("Twin Rivers") from April 1, 2014, until July 5, 2014, the date of his death. Prior to his admission, Mr. Henderson executed a Power of Attorney to Karen Henderson. The Power of Attorney vested Mr. Henderson's attorney-in-fact with:

> full power for me and in my name and stead to make contracts, lease, sell or convey any real or personal property which I may now or hereafter own, either individually or jointly, or have the right to dispose of; to receive and receipt for any money which may now or hereafter be due me; to enter any safety deposit box in my name or jointly with any other person; to retain and release all liens on real or personal property; to draw, sign and execute any

> and all checks, contracts or agreements and other instruments of writing which said attorney may deem necessary or proper; . . . to institute or defend suits concerning my property or rights; and generally to do and perform for me and in my name all that I might or could do if present.

(Henderson April 15, 2013, Power of Attorney.)

Upon admission to the facility, Karen Henderson signed a document titled "Alternative Dispute Resolution Agreement" with Twin Rivers. Under the Agreement, the parties agreed that any disputes arising out of or in any way relating to Mr. Henderson's residency at the facility would be submitted to binding arbitration including "negligence; gross negligence; malpractice; death or wrongful death and any alleged departure from any applicable federal, state, or local medical, health care, consumer or safety standards." (Alternative Dispute Resolution Agreement at ¶ 4.) Further, the Agreement provided that "[t]he parties understand, acknowledge, and agree that by entering into this agreement they are giving up their constitutional right to have their disputes decided by a court of law or to appeal any decision or award of damages resulting from the ADR Process. . . . " (Id. at ¶ 14.)

On October 1, 2015, Vernon Darrell Henderson, Administrator of the Estate of Vernon Henderson, filed a complaint in the Daviess Circuit Court alleging negligence, corporate negligence, violations of long-term care residents' rights, and wrongful death against Owensboro Health Facilities L.P. d/b/a Twin Rivers Nursing & Rehabilitation Center; Owensboro Health Facilities GP, LLC; Preferred Care Partners Management Group, L.P.; PCPMG, LLC; Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management, LLC; Shelly Ranee Maffia, in her capacity as Administrator of Twin Rivers Nursing & Rehabilitation Center; and Kelly Maddox, R.N., in her capacity as a Nurse of Twin Rivers Nursing & Rehabilitation Center. The complaint alleges that Mr. Henderson suffered accelerated deterioration of his

2

health and physical condition beyond that caused by the normal aging process, including but not limited to sepsis, fall with injuries, pneumonia, and death.  Plaintiff seeks compensatory and punitive damages.

On January 5, 2016, Plaintiffs filed a complaint in this Court seeking to enforce pursuant to the Federal Arbitration Act ("FAA") the arbitration agreement; to compel arbitration on all claims alleged in the state court action; and to enjoin Defendant from further pursing his claims in the state court action.  Plaintiffs now move to compel arbitration under the FAA of Defendant's state court claims and to enjoin the Defendant from further pursing his litigation in Kentucky state court, or any forum other than binding arbitration.  Defendant moves to dismiss Plaintiff's complaint.

## II. MOTION TO DISMISS

Defendant filed the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 12(b)(7) arguing that (1) the Court lacks subject matter jurisdiction; (2) Defendant failed to join indispensable parties, namely the nursing home administrator and the nurse who are defendants in the state court case; (3) the Court should abstain from exercising jurisdiction pursuant to the Colorado River abstention doctrine; (4) the Court should dismiss the action because the underlying arbitration agreement is invalid; (5) the Court should dismiss the action because the arbitration agreement is unconscionable; and (6) the Anti-Injunction Act prevents this Court from enjoining the state court action as a matter of law. These exact same arguments have been raised by defense counsel in other cases and have been denied by the courts in those cases.  See GGNSC Louisville Hillcreek, LLC v. Watkins, 2016 WL 815295 (W.D. Ky. Feb. 29, 2016); GGNSC Frankfort, LLC v. Tracy, 2015 WL 1481149, at *1 (E.D. Ky. Mar. 31, 2015); Sun Healthcare Group, Inc. v. Dowdy, 2014 WL 790916, at *1 (W.D. Ky. Feb. 26, 2014).

After considering the arguments of the parties and the case law set forth above, the Court denies the motion to dismiss for the reasons set forth by Judge David Hale in GGNSC Louisville Hillcreek, LLC v. Watkins. In as much as Mr. Henderson's power of attorney differs from the power of attorney in Watkins, the Court specifically addresses the validity and enforceability of Mr. Henderson's power of attorney below.

### III. MOTION TO COMPEL ARBITRATION

**A. Wrongful Death Claim**

In the state court action, Vernon Darrell Henderson asserts a wrongful death claim against all corporate and individual defendants. A review of the case law reflects that Defendant is not required to arbitrate the wrongful death claim.

In Ping v. Beverly Enterprises, Inc., 376 S.W.3d 581 (Ky. 2012), the Kentucky Supreme Court held that a wrongful death claim does not derive from any claim on behalf of the decedent and, accordingly, the wrongful death beneficiaries "do not succeed to the decedent's dispute resolution agreements." Id. at 600. Thus, a wrongful death action actually belongs to the beneficiary of the decedent in a wrongful death action. KRS § 411.130(2). The Sixth Circuit Court of Appeals recently examined this issue and held that "[u]nder Ping and its progeny, [the beneficiary] is not required to arbitrate the wrongful-death claim." Richmond Health Facilities v. Nichols, 811 F.3d 192, 197 (6th Cir. 2016). "Because the wrongful-death claim is independent in nature under Ping, Mr. Nichols, as the decedent, possessed 'no cognizable legal rights in the wrongful death claim[] arising upon [his] demise' when he signed the Agreement." Id. See also Ping, 376 S.W.3d 587 (arbitration agreement executed between executrix, in her capacity as the decedent's agent, and the facility). The Sixth Circuit further concluded that Ping is not preempted by the FAA under the standard articulated in AT&T Mobility LLC v. Concepcion,

4

563 U.S. 333 (2011). Richmond Health Facilities, 811 F.3d at 197-198.

Based on this case law, wrongful death beneficiaries are not bound by arbitration agreements of which they are not a party. Accordingly, the Court finds that Defendant is not required to arbitrate the wrongful death claim.

### B. Personal Injury and Statutory Claims

In contrast with wrongful death claims, the personal injury and statutory claims arising under KRS § 216.510, *et. seq.*, belong to the decedent; and the respective estates succeed to those claims to the extent such claims survive the decedent's death. Here, Defendant argues that Karen Henderson, acting as Mr. Henderson's attorney-in-fact, lacked authority to execute the Alternative Dispute Resolution Agreement on Mr. Henderson's behalf in light of the holding in Extendicare Homes, Inc. v. Whisman, 478 S.W.3d 306 (Ky. 2015).

In Whisman, the Kentucky Supreme Court addressed whether based on Ping the attorney-in-fact has the authority to enter into a pre-dispute agreement to arbitrate any claims arising between the respective principals and the nursing home facilities providing their care. 478 S.W.3d at 314. The Kentucky Supreme Court stated that "'[w]ithout any doubt, one may expressly grant to his attorney-in-fact the authority to bargain away his rights to access the courts and to trial by jury by entering into a pre-dispute arbitration agreement.'" Preferred Care of Delaware, Inc. v. Crocker, 2016 WL 1181786, *7 (W.D. Ky. Mar. 25, 2016) (citing Whisman, 478 S.W.3d at 329). However, "building on its analysis in Ping, the [Kentucky Supreme Court] held that it 'will not . . . infer from the principal's silence or from a vague and general delegation of authority to 'do whatever I might do,' that an attorney-in-fact is authorized to bargain away his principal's rights of access to the courts and to a jury trial in future matters as yet not anticipated or even contemplated.'" Id. The Court held that:

5

> [W]e are convinced that the power to waive generally such fundamental constitutional rights must be unambiguously expressed in the text of the power-of-attorney document in order for that authority to be vested in the attorney-in-fact. The need for specificity is all the more important when the affected fundamental rights include the right of access to the courts . . ., the right of appeal to a higher court . . ., and the right of trial by jury, which incidentally is the only thing that our Constitution commands us to "hold sacred." See Ky. Const. § 7 ("The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution.").

Whisman, 478 S.W.3d at 328. Based on this discussion, the Kentucky Supreme Court held that language giving the agent the power "to draw, make, and sign any and all checks, *contracts*, notes, mortgages, agreements, or any other document including state and Federal tax returns" is insufficient to create the power to sign arbitration agreements on the principal's behalf. Id. 324-328. Further, the Kentucky Supreme Court also found that "giving one's attorney-in-fact the power to 'institute or defend suits' does not confer upon him the power to sign an arbitration agreement on the principal's behalf." Crocker, 2016 WL 1181786, *8 (citing Whisman, 478 S.W.3d at 323-324). Additionally, the Kentucky Supreme Court rejected the notion that its holding conflicted with FAA.

In their motion to compel arbitration, Plaintiffs maintain that Whisman directly contradicts principles embodied in the FAA and is preempted. The United States Supreme Court has described two specific situations where the FAA preempts a state law or rule: (1) "when a state law prohibits outright the arbitration of a particular type of claim." and (2) "when a doctrine normally thought to be generally applicable, such as duress or . . . unconscionability, is alleged to have been applied in a fashion that disfavors arbitration." AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 341 (2011). In the second situation, the court "must determine whether the state law rule would have a 'disproportionate impact' on arbitration agreements." Crocker, 2016 WL

6

1181786, *6 (citing Richmond Health Facilities, 811 F.3d at 197). Plaintiffs urge this Court to find that Whisman is preempted for the reasons set forth in Preferred Care of Delaware, Inc. v. Crocker, 2016 WL 1181786, *7 (W.D. Ky. Mar. 25, 2016) and GGNSC Louisville Hillcreek, LLC v. Watkins, 2016 WL 815295 n. 3 (W.D. Ky. Feb. 29, 2016).

After a review of the case law, the Court agrees with Judge Thomas Russell's decision in Crocker and finds "that Kentucky's requirement that a power of attorney explicitly enumerate an attorney-in-fact's power to sign an arbitration agreement violates the FAA as it fails the second inquiry under Concepcion." Crocker, 2016 WL 1181786, at *9. The Court adopts the reasoning set forth in Crocker,

> Though the second inquiry under Concepcion is "more complex," this Court believes that the Kentucky Supreme Court's decision in Whisman fails the second inquiry and, therefore, is invalid. The rule established by Kentucky's highest court conflicts with the goals and policies of the FAA, as they are "antithetical to threshold limitations placed specifically and solely on arbitration." Doctor's Associates [Inc. v. Cascrotto], 517 U.S. [681, 688 (1996)]. The Kentucky Supreme Court's requirement that a principal in his power of attorney explicitly convey to an attorney-in-fact the right to enter into a pre-dispute arbitration agreement "places arbitration agreements in a class apart from 'any contract,' and singularly limits their validity." Id. Consequently, the court's rule is "inconsonant with, and is therefore preempted by, the federal law." Id.
>
> With regards to Ms. Tyler's power of attorney, it gives Ms. Crocker the power "to draw, make and sign any and all checks, *contracts*, notes, mortgages, agreements, or any other document including state and Federal tax returns" on Ms. Tyler's behalf. (Docket No. 23–2 at 1 (emphasis added).) It also gives Ms. Crocker the authority to "institute or defend suits concerning [Ms. Tyler's] property or rights." Id. The Court finds that this language conveys upon Ms. Crocker the authority to sign a pre-dispute arbitration agreement on Ms. Tyler's behalf. See Sorrell v. Regency Nursing, LLC, No. 3:14–CV–00304–TBR, 2014 WL 2218175, at *3 (W.D. Ky. May 28, 2014); Oldham v. Extendicare Homes, Inc., 2013 WL 1878937, at *3–5 [(W.D. Ky. May 3, 2013)].

Crocker, 2016 WL 1181786, at *11 (citing Whisman, 478 S.W.3d at 354 (Abramson, J., dissenting) ("[A]s the United States Supreme Court has made absolutely clear, what state law cannot do directly—disfavor arbitration—it also cannot do indirectly by favoring arbitration's correlative opposite, a judicial trial. Since that is the express purpose of the rule the majority pronounces and since the application of that rule will clearly have a disproportionate effect on the ability of agents to enter arbitration agreements (as opposed to other contracts), the majority's new rule is plainly invalid.")). See also GGNSC Louisville Hillcreek, 2016 WL 815295 n. 3.

Here, Mr. Henderson's power of attorney authorized Karen Henderson "to draw, sign and execute any and all . . . contracts or agreements" and "to institute or defend suits concerning my property or rights." As in Crocker, this language conveys upon Karen Henderson the authority to sign a pre-dispute arbitration agreement on Mr. Henderson's behalf. Accordingly, the Court will enforce the arbitration agreement as it relates to all personal injury and statutory claims.

Finally, Defendant's response to Plaintiffs' motion to compel restates his arguments in his motion to dismiss. (DN 7 (contending that the arbitration agreement is not enforceable under the FAA, that the agreement is invalid because it was executed without sufficient authority, and that the agreement is unconscionable). The Court has already considered and denied these arguments.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The motion by Plaintiffs, Owensboro Health Facilities, L.P. d/b/a Twin Rivers Nursing and Rehabilitation Center; Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management Group, LLC, to compel arbitration and to enjoin Defendant [DN

6] is **GRANTED IN PART AND DENIED IN PART**. Henderson is **ENJOINED** from proceeding against Plaintiffs in the Daviess Circuit Court action until the conclusion of the ordered arbitration. The parties are **COMPELLED** to arbitrate all claims which are the subject of Henderson's claims in Daviess Circuit Court except the claim for wrongful death. Counsel shall promptly inform the Daviess Circuit Court of this Memorandum Opinion and Order.

(2) This proceeding is **STAYED** until the conclusion of the ordered arbitration.

(3) The motion by Defendant, Vernon Darrell Henderson, as Administrator of the Estate of Vernon Henderson, to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 12(b)(7) [DN 7] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 12, 2016